**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re** Air Crash into the Java Sea on January 9, 2021 | MDL-_____ |

**Brief in Support of Motion for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings**

The Boeing Company ("Boeing") respectfully moves this Panel to transfer all wrongful death, survival, and related actions arising out of the January 9, 2021, crash of Sriwijaya Air Flight 182 to the Northern District of Illinois for coordinated or consolidated pretrial proceedings. The 21 actions identified in the attached Schedule of Actions are pending in two different federal districts and include claims brought by 68 distinct plaintiffs relating to the deaths of 42 distinct passengers and crew of Sriwijaya Air Flight 182.

Centralization of these actions under 28 U.S.C. § 1407 is warranted because all of these actions arise out of a single aviation accident and involve common questions of fact. Centralization would promote the just and efficient conduct of this litigation by preventing inconsistent resolution of common factual and legal issues, eliminating duplicative discovery, and conserving judicial resources.

Although Boeing ultimately maintains that no court in the United States is a convenient forum in which to resolve these actions, the Northern District of Illinois is the most appropriate transferee court in the United States for multidistrict litigation arising from the loss of Sriwijaya Air Flight 182. Most plaintiffs chose to file their claims in Illinois, and the Illinois cases contain

claims for the vast majority of the decedents involved in United States litigation; the parties are not geographically concentrated in any United States district; most of the parties' attorneys are concentrated in the Northern District of Illinois; the Northern District of Illinois is where the first-filed actions and the most advanced actions are pending; and the Northern District of Illinois has significant experience with multidistrict litigation, particularly multidistrict aviation litigation. Centralization in the Northern District of Illinois will promote just and efficient litigation of these cases arising out of the loss of Sriwijaya Air Flight 182.

## BACKGROUND

On January 9, 2021, Sriwijaya Air Flight 182 crashed shortly after takeoff into the Java Sea off the coast of Indonesia. Sriwijaya Air is an Indonesian air carrier. The flight was a commercial flight that departed from Jakarta, Indonesia, and was bound for Pontianak, Indonesia. Jakarta is located on the Indonesian island of Java, while Pontianak is across the Java Sea on the island of Borneo. All 62 passengers and crew members died in the accident. The passengers and crew were all citizens of Indonesia.

Indonesia's Komite Nasional Keselamatan Transportasi ("KNKT") investigated the accident pursuant to Annex 13 to the Convention on International Civil Aviation. The KNKT published its Final Report on November 10, 2022. The United States National Transportation Safety Board ("NTSB") was a party to the KNKT investigation, and Boeing provided technical assistance.

To date, 21 lawsuits relating to the accident are pending in federal district courts:

- ***Wadu, et al. v. Boeing* ("*Wadu*"), Case No. 1:22-cv-04896 (N.D. Ill.).**
  This action was commenced on August 16, 2022, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, three plaintiffs bring suit relating to the death of one decedent. The plaintiffs are all citizens and residents of Indonesia.

The decedent was a citizen and resident of Indonesia at the time of her death. The plaintiffs' complaint names Boeing as the only defendant. The plaintiffs are represented by Nolan Law Group of Chicago, Illinois. This case has been assigned to the Honorable John F. Kness. Copies of the *Wadu* complaint and docket sheet are filed herewith as **Exhibit A**.

- ***Ponijan, et al. v. Boeing* ("*Ponijan*"), Case No. 1:22-cv-04897 (N.D. Ill.).**

  This action was commenced on August 16, 2022, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, four plaintiffs bring suit relating to the death of one decedent. The plaintiffs are all citizens and residents of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiffs' complaint names Boeing as the only defendant. The plaintiffs are represented by Nolan Law Group of Chicago, Illinois. This case has been assigned to the Honorable John F. Kness. Copies of the *Ponijan* complaint and docket sheet are filed herewith as **Exhibit B**.

- ***Ridwan, et al. v. Boeing* ("*Ridwan I*"), Case No. 1:22-cv-04898 (N.D. Ill.).**

  This action was commenced on August 16, 2022, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, five plaintiffs bring suit relating to the death of one decedent. The plaintiffs are all citizens and residents of Indonesia. The decedent was a citizen and resident of Indonesia at the time of her death. The plaintiffs' complaint names Boeing as the only defendant. The plaintiffs are represented by Nolan Law Group of Chicago, Illinois. This case has been assigned to the Honorable John F. Kness. Copies of the *Ridwan I* complaint and docket sheet are filed herewith as **Exhibit C**.

- ***Ridwan, et al. v. Boeing* ("*Ridwan II*"), Case No. 1:22-cv-04899 (N.D. Ill.).**

  This action was commenced on August 18, 2022, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, two plaintiffs bring suit relating to the death of one decedent. The plaintiffs are both citizens and residents of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiffs' complaint names Boeing as the only defendant. The plaintiffs are represented by Nolan Law Group of Chicago, Illinois. This case has been assigned to the Honorable John F. Kness. Copies of the *Ridwan II* complaint and docket sheet are filed herewith as **Exhibit D**.

- *Aprillia, et al. v. Boeing* ("*Aprillia*"), Case No. 1:22-cv-05609 (N.D. Ill.).

  This action was commenced on September 20, 2022, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, 53 distinct plaintiffs bring suit relating to the deaths of 24 decedents. The plaintiffs are all citizens and residents of Indonesia. The decedents were all citizens and residents of Indonesia at the time of their deaths. The plaintiffs' complaint names Boeing as the only defendant. The plaintiffs are represented by Carmen D. Caruso Law Firm of Chicago, Illinois, and Herrmann Law Group of Seattle, Washington. This case has been assigned to the Honorable John F. Kness. Copies of the *Aprillia* amended complaint and docket sheet are filed herewith as **Exhibit E**.

- *Arifni v. Boeing* ("*Arifni*"), Case No. 1:23-cv-00363 (N.D. Ill.).

  This action was commenced on January 5, 2023, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, one plaintiff brings suit relating to the death of one decedent. The plaintiff is a citizen of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiff's complaint names Boeing as the only defendant. The plaintiff is represented by Reimer Dobrovolny & LaBardi P.C. of Hinsdale, Illinois; Sanjiv N. Singh, A Professional Law Corporation, of San Mateo, California; and Indrajana Law Group, A Professional Law Corporation, of San Mateo, California. This case has been assigned to the Honorable Mary M. Rowland. Boeing has filed a motion for reassignment to the Honorable John F. Kness. Copies of the *Arifni* complaint and docket sheet are filed herewith as **Exhibit F**.

- *Handayani v. Boeing* ("*Handayani*"), Case No. 1:23-cv-00370 (N.D. Ill.).

  This action was commenced on January 5, 2023, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, one plaintiff brings suit relating to the death of one decedent. The plaintiff is a citizen of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiff's complaint names Boeing as the only defendant. The plaintiff is represented by Reimer Dobrovolny & LaBardi P.C. of Hinsdale, Illinois; Sanjiv N. Singh, A Professional Law Corporation, of San Mateo, California; and Indrajana Law Group, A Professional Law Corporation, of San Mateo, California. This case has been assigned to the Honorable Matthew F. Kennelly. Boeing has filed a motion for

reassignment to the Honorable John F. Kness. Copies of the *Handayani* complaint and docket sheet are filed herewith as **Exhibit G**.

- ***Wahyuni v. Boeing* ("*Wahyuni*"), Case No. 1:23-cv-00371 (N.D. Ill.).**

    This action was commenced on January 6, 2023, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, one plaintiff brings suit relating to the death of one decedent. The plaintiff is a citizen of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiff's complaint names Boeing as the only defendant. The plaintiff is represented by Reimer Dobrovolny & LaBardi P.C. of Hinsdale, Illinois; Sanjiv N. Singh, A Professional Law Corporation, of San Mateo, California; and Indrajana Law Group, A Professional Law Corporation, of San Mateo, California. This case has been assigned to the Honorable Mary M. Rowland. Boeing has filed a motion for reassignment to the Honorable John F. Kness. Copies of the *Wahyuni* complaint and docket sheet are filed herewith as **Exhibit H**.

- ***Masrizal v. Boeing* ("*Masrizal*"), Case No. 1:23-cv-00373 (N.D. Ill.).**

    This action was commenced on January 5, 2023, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. In this action, one plaintiff brings suit relating to the death of one decedent. The plaintiff is a citizen of Indonesia. The decedent was a citizen and resident of Indonesia at the time of his death. The plaintiff's complaint names Boeing as the only defendant. The plaintiff is represented by Reimer Dobrovolny & LaBardi P.C. of Hinsdale, Illinois; Sanjiv N. Singh, A Professional Law Corporation, of San Mateo, California; and Indrajana Law Group, A Professional Law Corporation, of San Mateo, California. This case has been assigned to the Honorable Sharon Johnson Coleman. Boeing has filed a motion for reassignment to the Honorable John F. Kness. Copies of the *Masrizal* complaint and docket sheet are filed herewith as **Exhibit I**.

- ***Riyanto, et al. v. Boeing* ("*Riyanto*"), Case No. 1:23-cv-00374 (N.D. Ill.).**

    This action was commenced on January 9, 2023, in the Circuit Court of Cook County, Illinois, and Boeing subsequently removed it to the Northern District of Illinois, Eastern Division. The complaint in this action is inconsistent in identifying the decedents at issue, but it appears that two plaintiffs bring suit relating to the deaths of up to six decedents. The plaintiffs are citizens and residents of Indonesia. All potential decedents were citizens and residents of Indonesia at the time of their deaths. The plaintiffs' complaint names Boeing as

the only defendant. The plaintiffs are represented by Wisner Law Firm, P.C., of Chicago, Illinois. This case has been assigned to the Honorable Charles P. Kocoras. Boeing has filed a motion for reassignment to the Honorable John F. Kness. Copies of the *Riyanto* complaint and docket sheet are filed herewith as **Exhibit J**.

- **The Kastenbaum cases:**[1] *Kamila v. Boeing*, No. 23-cv-00044; *Kolisun v. Boeing*, No. 23-cv-00045; *A.N.W. v. Boeing*, No. 23-cv-00046; *Supianto v. Boeing*, No. 23-cv-00047; *Gunardi v. Boeing*, No. 23-cv-00048; *Andika v. Boeing*, No. 23-cv-00049; *Wahyudi v. Boeing*, No. 23-cv-00050; *Srianingsih v. Boeing*, No. 23-cv-00051; *N.A. v. Boeing*, No. 23-cv-00052; *Khasanah v. Boeing*, No. 23-cv-00053; *A.D. v. Boeing*, No. 23-cv-00054 (E.D. Va.).

  These 11 actions were commenced on January 6, 2023, in the Circuit Court for the County of Arlington, Virginia, and Boeing subsequently removed them to the Eastern District of Virginia, Alexandria Division, on grounds that overlap with those asserted when removing the Northern District of Illinois cases. The same plaintiff brings suit as the administrator of one decedent's estate in each separate action. The decedents were citizens and residents of Indonesia at the time of their deaths. Accordingly, the plaintiff is deemed to be a citizen of Indonesia. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). The plaintiff's complaints name Boeing as the only defendant. The plaintiff is represented by Allen, Allen, Allen & Allen of Richmond, Virginia, and Podhurst Orseck, P.A., of Miami, Florida. These cases have been assigned to the Honorable Claude M. Hilton. Copies of the complaints and docket sheets are filed herewith as **Exhibits K–U**.

In total, these 21 actions are brought by 68 distinct plaintiffs alleging wrongful death and survival claims relating to the deaths of 42 distinct decedents. (Several plaintiffs and decedents are named in more than one action.) Ten of these cases, brought by 67 distinct plaintiffs relating to the deaths of 36 distinct decedents, are pending in the Northern District of Illinois. The other 11 cases, brought by one plaintiff on behalf of 11 decedents, are pending in the Eastern District of Virginia.

---

[1] Each of these actions is styled as *Jonathan Kastenbaum, Administrator of the Estate of [decedent's name], deceased v. The Boeing Company*. To minimize confusion, we refer to each of these actions in this brief by the name of the decedent at issue in each case.

The following suits include overlapping claims, and in several instances lawsuits in two different districts purport to be filed on behalf of the same decedents:

- Three different actions, *Aprillia*, *Ridwan II*, and *A.N.W.*, purport to bring claims on behalf of the estate of minor decedent A.N.W. A different individual is named in each action as the representative of A.N.W.'s estate. These purported representatives are each represented by different counsel. Two of these actions are pending in the Northern District of Illinois and the third is pending in the Eastern District of Virginia.

- Two different actions, *Aprillia* and *Supianto*, purport to bring claims on behalf of the estate of decedent Supianto. A different individual is named in each action as the representative of Supianto's estate. These purported representatives are each represented by different counsel. One of these actions is pending in the Northern District of Illinois and the other is pending in the Eastern District of Virginia.

- Two different actions, *Aprillia* and *Wahyudi*, purport to bring claims on behalf of the estate of decedent Rizki Wahyudi. A different individual is named in each action as the representative of Rizki Wahyudi's estate. These purported representatives are each represented by different counsel. One of these actions is pending in the Northern District of Illinois and the other is pending in the Eastern District of Virginia.

- Two different actions, *Aprillia* and *N.A.*, purport to bring claims on behalf of the estate of minor decedent N.A. A different individual is named in each action as the representative of N.A.'s estate. These purported representatives are each represented by different counsel. One of these actions is pending in the Northern District of Illinois and the other is pending in the Eastern District of Virginia.

- Two different actions, *Aprillia* and *A.D.*, purport to bring claims on behalf of the estate of minor decedent A.D. A different individual is named in each action as the representative of A.D.'s estate. These purported representatives are each represented by different counsel. One of these actions is pending in the Northern District of Illinois and the other is pending in the Eastern District of Virginia.

- Two different actions, *Aprillia* and *Ponijan*, purport to bring claims on behalf of the estate of decedent Mulyadi. In both of these actions, plaintiff Ponijan is named as the representative of Mulyadi's estate and plaintiffs Ponijan, Katimah, Slamet Bowo Santoso, and Budi Setio assert claims on behalf of themselves

associated with the death of Mulyadi. The plaintiffs are represented by different counsel in each action. Both actions are pending in the Northern District of Illinois.

The complaints in all the pending cases make substantially similar allegations regarding the accident and its cause. Boeing is not aware of any other actions pending in federal court at this time, but additional actions could be filed in relation to the loss of Sriwijaya Air Flight 182.

## ARGUMENT

Sixty-eight distinct plaintiffs have filed 21 lawsuits against Boeing that are pending in two different federal district courts, alleging claims relating to the deaths of 42 distinct passengers and crew in connection with the loss of Sriwijaya Air Flight 182 into the Java Sea on January 9, 2021. The actions present many common questions of fact. They also share common legal and procedural issues, including the threshold question of whether these actions would be litigated more conveniently in an Indonesian forum. In fact, these actions are so closely related that their claims frequently overlap—a number of plaintiffs and decedents are named in more than one lawsuit—and raise nearly identical, often verbatim, allegations against Boeing.

For these reasons, and as explained below, a single federal district court should coordinate or consolidate pretrial proceedings and determine the common factual, legal, and procedural issues arising out of this accident. The Northern District of Illinois, where the greatest number of decedents' claims are already pending, is the appropriate United States court for such coordinated or consolidated proceedings.

**I.     All litigation arising out of the loss of Sriwijaya Air Flight 182 should be transferred for pretrial proceedings pursuant to 28 U.S.C. § 1407.**

Title 28, Section 1407 of the United States Code governs multidistrict litigation. This section provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or

consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The Judicial Panel on Multidistrict Litigation ("Panel") will transfer litigation for coordinated or consolidated pretrial proceedings if it determines "that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. By providing centralized management under a single court's supervision, transfer pursuant to Section 1407 "eliminate[s] duplicative discovery; prevent[s] inconsistent pretrial rulings; and conserve[s] the resources of the parties, their counsel and the judiciary." *In re: Air Crash Over Mid-Atl. On June 1, 2009*, 706 F. Supp. 2d 1372, 1374 (J.P.M.L. 2010) ("*Mid-Atl. Air Crash*"). Here, the litigation arising from the loss of Sriwijaya Air Flight 182 fits squarely within the ambit of Section 1407. The actions all involve common questions of fact. Centralization of these cases will promote just and efficient litigation.

        A.      **The Panel regularly centralizes foreign air crash lawsuits.**

The Panel routinely centralizes complex aviation litigation arising from a single accident, including at least 17 times since 2000. *See In re Air Crash over the S. Indian Ocean, on Mar. 8, 2014*, 190 F. Supp. 3d 1358 (J.P.M.L. 2016) ("*Indian Ocean Air Crash*"); *In re: Air Crash at San Francisco, Cal.*, 987 F. Supp. 2d 1378 (J.P.M.L. 2013) ("*San Francisco Air Crash*"); *In re: Air Crash at Georgetown, Guyana, On July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012) ("*Georgetown Air Crash*"); *In re: Air Crash Near Rio Grande, Puerto Rico, On Dec. 3, 2008*, 787 F. Supp. 2d 1361 (J.P.M.L. 2011) ("*Rio Grande Air Crash*"); *Mid-Atl. Air Crash*, 706 F. Supp. 2d 1372; *In re: Air Crash at Madrid, Spain, on Aug. 20, 2008*, 672 F. Supp. 2d 1378 (J.P.M.L. 2010) ("*Madrid Air Crash*"); *In re Air Crash near Clarence Ctr., N.Y. on Feb. 12, 2009*, 655 F. Supp. 2d 1355 (J.P.M.L. 2009) ("*Clarence Center Air Crash*"); *In re Air Crash over Makassar Strait, Sulawesi, Indonesia on Jan. 1, 2007*, 626 F. Supp. 2d 1354 (J.P.M.L. 2009) ("*Sulawesi Air*

Crash"); *In re Air Crash at Tegucigalpa, Honduras on May 30, 2008*, 598 F. Supp. 2d 1368 (J.P.M.L. 2009) ("*Tegucigalpa Air Crash*"); *In re Crash near Medan, Indonesia, on Sept. 5, 2005*, 544 F. Supp. 2d 1379 (J.P.M.L. 2008) ("*Medan Air Crash*"); *In re Air Crash near Peixoto de Azeveda, Brazil, on Sept. 29, 2006*, 493 F. Supp. 2d 1374 (J.P.M.L. 2007) ("*Peixoto de Azeveda Air Crash*"); *In re Air Crash near Athens, Greece, on Aug. 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006) ("*Athens Air Crash*"); *In re Air Crash near Kirksville, Mo., on Oct. 19, 2004*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005) ("*Kirksville Air Crash*"); *In re Air Crash Near Woodbury, Conn., on Dec. 20, 2002,* 374 F. Supp. 2d 1358 (J.P.M.L. 2005) ("*Woodbury Air Crash*"); *In re Air Crash Near Castellon, Spain on Oct. 10, 2001*, 296 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) ("*Castellon Air Crash*"); *In re Air Crash at Charlotte Int'l Airport*, 290 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("*Charlotte Air Crash*"); *In re Air Crash Near Edgartown, Mass.*, on Oct. 6, 2000, 269 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) ("*Edgartown Air Crash*"); *In re Air Crash at Belle Harbor, N.Y., on Nov. 12, 2001*, 203 F. Supp. 2d 1379 (J.P.M.L. 2002) ("*Belle Harbor Air Crash*").

Centralization is particularly appropriate in these cases because aviation accidents "involve common questions of fact," and "centralization . . . serve[s] the convenience of the parties and witnesses and promote[s] the just and efficient conduct of th[e] litigation." *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359; *see also, e.g.*, *San Francisco Air Crash*, 987 F. Supp. 2d at 1379 (same); *Georgetown Air Crash*, 895 F. Supp. 2d at 1356 (same); *Rio Grande Air Crash*, 787 F. Supp. 2d at 1361 (same); *Mid-Atl. Air Crash*, 706 F. Supp. 2d at 1374 (same). The Panel has recognized that a failure to centralize complex aviation lawsuits would "needlessly waste[]" the "time and effort of numerous parties, witnesses, attorneys and judges." *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F. Supp. 445, 447 (J.P.M.L. 1979) ("*Chicago Air Crash*"). That is because, absent transfer under Section 1407, "there inevitably would be

repetitious depositions of scores of witnesses, repetitious examinations of thousands of documents, and yet other myriad duplications of pretrial proceedings." *Id.* (describing the waste as "exceptionally serious in these cases because of the unusually complex issues they involve"). Thus, centralization of complex aviation litigation "eliminate[s] duplicative discovery, particularly with respect to potential international discovery" for foreign aviation accidents like the one here. *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359; *see also, e.g.*, *San Francisco Air Crash*, 987 F. Supp. 2d at 1379 (same); *Georgetown Air Crash*, 895 F. Supp. 2d at 1356 (same); *Tegucigalpa Air Crash*, 598 F. Supp. 2d at 1369 (same).

Further, early dispositive motions will be filed in these cases, and centralization in aviation litigation helps to "prevent inconsistent pretrial rulings[] and conserve the resources of the parties, their counsel, and the judiciary." *San Francisco Air Crash*, 987 F. Supp. 2d at 1379; *see also, e.g.*, *Georgetown Air Crash*, 895 F. Supp. 2d at 1356–57 (same); *Rio Grande Air Crash*, 787 F. Supp. 2d at 1361 (same); *Mid-Atl. Air Crash*, 706 F. Supp. 2d at 1374 (same); *Madrid Air Crash*, 672 F. Supp. 2d at 1379 (same). If these actions are not centralized, there is a risk that different federal courts considering the same set of facts could reach different conclusions on crucial threshold questions such that nearly identical claims might be permitted to proceed in one district but not another. In particular, the Panel has centralized litigation in air crash cases where dismissal for *forum non conveniens* presented a common threshold question across the actions, enabling streamlined proceedings and consistent treatment of all parties. *See, e.g.*, *In re Air Crash over the S. Indian Ocean on Mar. 8, 2014*, 352 F. Supp. 3d 19 (D.D.C. 2018) (centralization of all cases before then-Judge Ketanji Brown Jackson for consideration of *forum non conveniens* and other threshold issues).

Like other aviation accident litigation, the lawsuits arising from the loss of Sriwijaya Air Flight 182 offer a "prime example" of cases that should be transferred under Section 1407. *Chicago Air Crash*, 476 F. Supp. at 447. There are currently 21 cases already pending in 2 different federal districts. The cases involve claims brought by dozens of distinct plaintiffs relating to the deaths of more than 40 distinct decedents. There is also a possibility that more plaintiffs will file similar claims in the near future.[2] All of the pending lawsuits seek to hold Boeing liable in tort for the deaths of the passengers and crew of Sriwijaya Air Flight 182. All will require a determination of whether Indonesia would be a more convenient forum for litigation. Here, as in other air crash cases, centralization will prevent inconsistent pretrial rulings, eliminate duplicative discovery, allow for the creation of a uniform discovery plan, and conserve the resources of the parties, their counsel, and the judiciary.

**B.   Centralization would promote the efficient resolution of common factual and legal issues and would avoid inconsistent pretrial rulings.**

Where actions involve common questions of fact, transfer to one district court best promotes the just and efficient conduct of the litigation and the convenience of the parties. *See, e.g.*, *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359; *San Francisco Air Crash*, 987 F. Supp. 2d at 1379; *Georgetown Air Crash*, 895 F. Supp. 2d at 1356; *Rio Grande Air Crash*, 787 F. Supp. 2d at 1361; *Mid-Atl. Air Crash*, 706 F. Supp. 2d at 1374. The 21 federal lawsuits at issue here raise significant common questions of fact that make centralization the most efficient approach to managing these cases.

---

[2] In its orders granting motions to transfer actions for coordinated or consolidated proceedings, the Panel frequently notes the possibility that other similar claims may be brought, which also would be subject to transfer. *See, e.g.*, *In re Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359 n.1; *Rio Grande Air Crash*, 787 F. Supp. 2d at 1361 n.1; *Mid-Atl. Air Crash*, 706 F. Supp. 2d at 1374 n.3; *Clarence Center Air Crash*, 655 F. Supp. 2d at 1356.

For example, all of the actions present common threshold questions related to whether the United States or Indonesia is the appropriate forum to hear the Sriwijaya Air Flight 182 cases.[3] Boeing expects to move to dismiss all of the complaints for *forum non conveniens* on the grounds that the cases will be more conveniently litigated in Indonesia. *See, e.g.*, *In re Air Crash Disaster Over Makassar Strait, Sulawesi*, No. 09-CV-3805, 2011 WL 91037, at *1 (N.D. Ill. Jan. 11, 2011) (dismissing centralized litigation arising out of loss of Flight DHI 574 between the Indonesian islands of Java and Sulawesi on grounds that "Indonesia is the far more convenient and proper forum for this litigation"). Boeing also expects to move to limit the initial phase of discovery to issues related to *forum non conveniens*, rather than proceeding on merits discovery. *Forum non conveniens* discovery will raise similar factual issues in all pending federal cases related to the location of evidence and witnesses, as well as the adequacy and availability of the foreign forum. Centralized proceedings would allow the parties and the judiciary to efficiently resolve these initial common questions as to all cases.

In the event that the cases remain in the United States, there will be myriad common factual issues that will require extensive and time-consuming international discovery. These include factual questions regarding the functioning, maintenance, and operation of the accident aircraft, as well as the qualifications and training of the crew on board Sriwijaya Air Flight 182 and the

---

[3] In foreign air crash litigation, *forum non conveniens* is often a threshold issue common to all the subject actions. *See, e.g.*, *Harp v. Airblue Ltd.*, 879 F. Supp. 2d 1069 (C.D. Cal. 2012); *In re Air Crash Over the Mid-Atl. on June 1, 2009*, 792 F. Supp. 2d 1090 (N.D. Cal. 2011); *In re Air Crash Over the Mid-Atl. on June 1, 2009*, 760 F. Supp. 2d 832 (N.D. Cal. 2010); *Tazoe v. Aereas*, No. 07-21941, 2009 WL 3232908 (S.D. Fla. Aug. 24, 2009); *Vorbiev v. McDonnell Douglas Helicopters, Inc.*, No. 08-05539, 2009 WL 1765675 (N.D. Cal. June 18, 2009); *In re Air Crash Near Peixoto de Azeveda, Brazil, on Sept. 29, 2006*, 574 F. Supp. 2d 272 (E.D.N.Y. 2008), *aff'd Lleras v. Excelaire Servs. Inc.*, No. 08-3823-cv, 2009 WL 4282112 (2d Cir. Dec. 2, 2009); *Clerides v. Boeing Co.*, 534 F.3d 623 (7th Cir. 2008); *Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766 (C.D. Cal. 2006), *aff'd mem.*, 263 F. App'x 555 (9th Cir. 2008); *Esheva v. Siberia Airlines*, 499 F. Supp. 2d 493 (S.D.N.Y. 2007); *In re Air Crash Near Athens, Greece on August 14, 2007*, 479 F. Supp. 2d 792 (N.D. Ill. 2007). The actions at issue here are brought by Indonesian citizens. They raise claims on behalf of themselves and the Indonesian passengers and crew of Sriwijaya Air Flight 182, which was a flight operated by an Indonesian airline that crashed during a flight between two cities in Indonesia. Federal courts frequently find that the United States is an inconvenient forum for cases that present facts such as these and that they should be dismissed.

mechanics who performed maintenance on it. This will require extensive liability discovery from Indonesia. Similarly, since all decedents and their beneficiaries were Indonesian, extensive damages discovery from Indonesia is needed. The ability to coordinate and streamline these complex international aspects of discovery make centralization particularly appropriate. *See, e.g.*, *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359; *see also, e.g.*, *San Francisco Air Crash*, 987 F. Supp. 2d at 1379; *Georgetown Air Crash*, 895 F. Supp. 2d at 1356; *Tegucigalpa Air Crash*, 598 F. Supp. 2d at 1369. Transfer for coordinated or consolidated proceedings would allow this discovery to proceed efficiently and without duplication for all of the pending federal lawsuits.

      Failure to centralize these actions would also invite duplication of efforts and inconsistent rulings on other common issues. For example, regardless of where these cases are ultimately tried, determinations will need to be made in all 21 actions about which forum's law should apply to the plaintiffs' claims and which named individuals are entitled to recover damages or to represent the estates of the decedents. Further, these actions may be subject to dismissal for failure to join necessary parties, such as the airline that owned, operated, and maintained the aircraft in question and that employed and trained the flight crew. These actions also may be preempted by federal law. Given that these actions raise nearly identical tort claims, all associated with the deaths of passengers and crew on Sriwijaya Air Flight 182, additional common questions of fact and law are likely to arise in the course of the litigation. Avoiding inconsistent rulings on each of these common issues overwhelmingly favors centralization. *See, e.g.*, *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1359; *San Francisco Air Crash*, 987 F. Supp. 2d at 1379; *see also, e.g.*, *Georgetown Air Crash*, 895 F. Supp. 2d at 1356–57; *Rio Grande Air Crash*, 787 F. Supp. 2d at 1361; *Mid-Atl. Air Crash*, 706 F. Supp. 2d at 1374; *Madrid Air Crash*, 672 F. Supp. 2d at 1379.

**II.     These actions should be transferred to the Northern District of Illinois.**

Although Boeing ultimately maintains that no court in the United States is a convenient forum in which to resolve these actions, the Northern District of Illinois is the most appropriate transferee court for multidistrict litigation arising from the loss of Sriwijaya Air Flight 182. When selecting a transferee court, the Panel may consider:

- **Where the majority of cases or claims are currently pending.** *See, e.g.*, *Rio Grande Air Crash*, 787 F. Supp. 2d at 1362 (four of five actions pending in the transferee district); *Athens Air Crash*, 435 F. Supp. 2d at 1342 (majority of actions in transferee district); *Kirksville Air Crash*, 383 F. Supp. at 1383 (same); *In re Air Crash Disaster Near Saigon, S. Vietnam, on Apr. 4, 1975*, 404 F. Supp. 478, 480 (J.P.M.L. 1975) (action containing "the claims of the most significant number of plaintiffs" in transferee district).

- **Which of the actions were filed first or are most advanced.** *See, e.g.*, *Peixoto de Azeveda Air Crash*, 493 F. Supp. 2d at 1376 (transfer to district with earliest filed and most procedurally advanced actions); *In re JP Morgan Chase*, 452 F. Supp. 2d 1350, 1351 (J.P.M.L. 2006) (transfer to district with earliest filed and most procedurally advanced action); *In re Air Crash Disaster in Ionian Sea on Sept. 8, 1974*, 407 F. Supp. 238, 240 (J.P.M.L. 1974) (transfer to district containing actions in which discovery was underway).

- **Where the parties and counsel are located.** *See, e.g.*, *San Francisco Air Crash*, 987 F. Supp. 2d at 1379; *Georgetown Air Crash*, 895 F. Supp. 2d at 1357; *Rio Grande Air Crash*, 787 F. Supp. 2d at 1362.

- **The accessibility or central location of the transferee forum, particularly when there is no geographic focal point of the litigation in the United States.** *See, e.g.*, *Georgetown Air Crash*, 895 F. Supp. 2d at 1357 (choosing a transferee district that was "centrally located for the geographically dispersed passengers"); *Medan Air Crash*, 544 F. Supp. 2d at 1380–81 ("[T]he Northern District of Illinois is a geographically central forum . . . .").

- **Special expertise in the transferee court.** *See, e.g.*, *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1360 (transferring to "an able and experienced jurist"); *Georgetown Air Crash*, 895 F. Supp. 2d at 1357 (transferring to "an experienced transferee judge

who we are confident will steer this litigation on a prudent course."); *Madrid Air Crash*, 672 F. Supp. 2d at 1379 (transferring to "an experienced transferee judge").

Based on these factors, the actions arising out of the loss of Sriwijaya Air Flight 182 should be transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

### A. The Northern District of Illinois is where the first-filed actions and the most advanced actions are pending.

Transfer to the Northern District of Illinois is appropriate because, although these actions are all still in their early stages, the five actions filed and removed first—*Wadu*, *Ponijan*, *Ridwan I*, *Ridwan II*, and *Aprillia*—are all now pending in the Northern District of Illinois. Further, these five actions are also the most advanced.

### B. The vast majority of plaintiffs chose to file their claims in Illinois.

There are currently 10 cases pending in the Northern District of Illinois. These cases are brought by 67 distinct plaintiffs relating to the deaths of 36 distinct decedents. In sharp contrast, the 11 actions pending in the Eastern District of Virginia have been brought by a single plaintiff—an individual who appears to have no personal or familial relationship to the decedents. That plaintiff has therefore sued not in his individual capacity, but solely as a representative of the estates of 11 decedents. Further, due to overlapping claims across the pending actions, the estates of 5 of the 11 decedents represented in Virginia cases are also represented in the actions pending in the Northern District of Illinois.

### C. The parties are not geographically concentrated in any U.S. district.

The parties are not geographically concentrated in any U.S. district. All plaintiffs are or are deemed citizens of Indonesia, and all decedents were citizens and residents of Indonesia at the time of their deaths.

Boeing is a citizen of Virginia and Delaware but also has offices in Illinois, Washington, California, and other states. To the extent Boeing must put forth witnesses during this litigation, those witnesses are likely to be located in Washington. Chicago is centrally located and thus will be more convenient for these witnesses than Virginia. *Medan Air Crash*, 544 F. Supp. 2d at 1380–81 ("[T]he Northern District of Illinois is a geographically central forum . . . .").

### D. The parties' attorneys are concentrated in the Northern District of Illinois.

The 67 plaintiffs who filed their suits in Illinois are all represented by counsel located in or near Chicago. These 67 plaintiffs bring claims relating to the deaths of 36 decedents. Only one plaintiff representing the estates of 11 decedents is not represented by counsel in Chicago, and the Florida firm leading that plaintiff's cases has extensive experience litigating claims against Boeing in the Northern District of Illinois. And, as stated above, the estates of 5 of those 11 decedents are also represented by other plaintiffs in the Illinois actions and, thus, by counsel in Chicago.

Boeing is represented by counsel located across the country. Chicago provides a central location that is more convenient for geographically diverse counsel. *Id.*

### E. The Northern District of Illinois has significant experience with multidistrict litigation and particularly multidistrict aviation litigation.

In addition, the Northern District of Illinois is a particularly appropriate district for centralization of these cases, because courts there have significant experience with complex multidistrict litigation, including multidistrict aviation litigation.[4]

---

[4] In the past 10 years, at least 24 sets of actions have been transferred for coordinated or consolidated proceedings before judges in the Northern District of Illinois, including 7 sets of actions involving product liability claims like the ones asserted in the actions arising out of the loss of Sriwijaya Air Flight 182. *See In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1342 (J.P.M.L. 2018); *In re Chicago Bd. Options Exch. Volatility Index Manipulation Antitrust Litig.*, 325 F. Supp. 3d 1374 (J.P.M.L. 2018); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 291 F. Supp. 3d 1367 (J.P.M.L. 2018); *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1376 (J.P.M.L. 2016); *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 84 F. Supp. 3d 1383, 1384 (J.P.M.L. 2015) (products liability actions); *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prod. Liab. Litig.*, 67 F. Supp. 3d 1382, 1383 (J.P.M.L. 2014) (products liability actions); *In re Opana ER Antitrust Litig.*, 65 F. Supp. 3d 1408, 1409 (J.P.M.L. 2014); *In re Fluidmaster, Inc.*, 65 F. Supp. 3d 1397 (J.P.M.L. 2014); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 988 F. Supp. 2d 1373 (J.P.M.L. 2013); *In re*

## CONCLUSION

These 21 actions present a clear case for transfer under 28 U.S.C. § 1407(a). They arise from a single aviation accident, the crash of Sriwijaya Air Flight 182; they raise similar factual and legal issues; and they are pending in two different federal district courts. Additional actions may also be filed. The United States District Court for the Northern District of Illinois can best accommodate this litigation and is the court to which this Panel should transfer the actions in question. Accordingly, Boeing respectfully requests that the Panel centralize the litigation in the Northern District of Illinois.

---

*Watson Fentanyl Patch Prod. Liab. Litig.*, 883 F. Supp. 2d 1350 (J.P.M.L. 2012) (products liability actions); *In re Unified Messaging Sols. LLC Patent Litig.*, 883 F. Supp. 2d 1340, 1341 (J.P.M.L. 2012); *In re Innovatio IP Ventures, LLC, Patent Litig.*, 840 F. Supp. 2d 1354 (J.P.M.L. 2011); *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, 802 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011) (products liability actions); *In re Navistar 6.0 L Diesel Engine Prod. Liab. Litig.*, 777 F. Supp. 2d 1347 (J.P.M.L. 2011) (products liability actions); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 710 F. Supp. 2d 1378, 1379 (J.P.M.L. 2010); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 657 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009); *In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 626 F. Supp. 2d 1348 (J.P.M.L. 2009); *In re Text Messaging Antitrust Litig.*, 588 F. Supp. 2d 1372 (J.P.M.L. 2008); *In re Potash Antitrust Litig. (No. II)*, 588 F. Supp. 2d 1364 (J.P.M.L. 2008); *In re Aftermarket Filters Antitrust Litig.*, 572 F. Supp. 2d 1373 (J.P.M.L. 2008); *In re Aqua Dots Prod. Liab. Litig.*, 545 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008) (products liability actions); *In re JP Morgan Chase & Co. Sec. Litig.*, 452 F. Supp. 2d 1350 (J.P.M.L. 2006); *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005); *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379 (J.P.M.L. 2003). The Northern District of Illinois also has extensive experience handling complex air crash cases generally and multidistrict air crash cases specifically. *See In re: Lion Air Flight JT 610 Crash*, 1:18CV07686; *In re: Ethiopian Airlines Flight ET 302 Crash*, 1:19CV2170; *Sulawesi Air Crash*, 626 F. Supp. 2d at 1355 (multidistrict litigation); *Medan Air Crash*, 544 F. Supp. 2d at 1381 (multidistrict litigation); *Athens Air Crash*, 435 F. Supp. 2d at 1342 (multidistrict litigation); *In re Aircrash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 909 F. Supp. 1083, 1086 n.1 (N.D. Ill. 1995), *aff'd and remanded sub nom. In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 96 F.3d 932 (7th Cir. 1996) ("*Roselawn Air Crash*") (multidistrict litigation); *In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989*, 128 F.R.D. 131 (J.P.M.L. 1989) ("*Sioux City Air Crash*") (multidistrict litigation); *Chicago Air Crash*, 476 F. Supp. at 452 (multidistrict litigation).

DATED: January 26, 2023

                                    By: /s/ Kathleen Stetsko
                                        Kathleen Stetsko
                                        KStetsko@perkinscoie.com
                                        **Perkins Coie LLP**
                                        110 North Wacker Drive, 34th Floor
                                        Chicago, Illinois 60606-0002
                                        Phone: (312) 324-8400
                                        Fax: (312) 324-9400

                                        Mack H. Shultz, Jr.
                                        MShultz@perkinscoie.com
                                        **Perkins Coie LLP**
                                        1201 Third Avenue, Suite 4900
                                        Seattle, Washington 98101-3099
                                        Phone: (206) 359-8000
                                        Fax: (206) 359-9000

                                        *Attorneys for The Boeing Company*