**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re Air crash over the Java Sea on January 9, 2021 | MDL-3072 |

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

## I. Introduction

The SJY-182's products liability actions filed in Illinois seek to hold the Boeing Company ("Boeing") accountable for a product that has caused significant loss of life and raises important safety questions over a mechanism currently in place in planes flying over American soil. The SJY-182 actions raise common questions of law and fact like the 737 MAX litigation: whether Boeing, an American company with international presence, is introducing a product into commerce that is defectively designed, manufactured, and modified in America creating danger in America and worldwide. Though the 737-Max cases involved Boeing's MCAS system whereas SJY-182 involves Boeing's auto-throttle system, Boeing's motive, intent, absence of mistake, and knowledge regarding the MCAS system, the auto-throttle system, and its product generally are relevant under FRE 404(b) as other act evidence in this case. For example, without limitation:

- 737-Max, Lion Air crashed on October 29, 2018.
- 737-Max Ethiopian Airlines crashed on March 10, 2019.
- On January 7, 2021, Boeing was indicted for the 737-Max crashes and entered into a deferred prosecution agreement with the Department of Justice.
- Two days later, SJY-182 crashed.

1

This Court should vacate the Conditional Transfer Order to allow these actions to proceed to their merits.

## II. Procedural Background

### a. The Tag Along Action

Plaintiffs Aprillia, et al., filed this action (hereinafter "Aprillia-Boeing I") in the Circuit Court of Cook County, Illinois on September 20, 2022, captioned *Aprillia, et al. v. The Boeing Company*, Case No. 2022-L-008466.[1] On September 23, 2023, Plaintiffs voluntarily dismissed this action without prejudice.[2] However, Plaintiffs successfully reinstated this action in the Circuit Court of Cook County. Judge McKenna of the state court granted Plaintiffs' motion to vacate the voluntary dismissal in his memorandum opinion and order entered on June 22, 2023.[3] Plaintiffs then filed an Amended Complaint in the state court on July 14, 2023[4] and Boeing removed the action to this Court on July 18, 2023.[5] Plaintiffs now seek to remand this case to the State Court.

### b. The Related Actions

When Plaintiffs moved to voluntarily dismiss this case on September 23, 2023, they also filed a second complaint in the Circuit Court of Cook County (hereinafter "Aprillia-Boeing II"), captioned *Aprillia, et al. v. The Boeing Company*, Case No. 2022-L-008558.

On April 10, 2023, the MDL Panel transferred the consolidated cases, including Aprillia-Boeing II, to the United States District Court for the Eastern

---

[1] Exhibit 1.

[2] Exhibits 2 and 3.

[3] Exhibit 4.

[4] Exhibit 5.

[5] Exhibit 6.

District of Virginia, Alexandria Division, where the consolidated cases are pending before the Honorable Claude M. Hilton as *In Re: Air Crash Into the Java Sea on January 9, 2021*, MDL No. 1:23-MD-3072. Aprillia-Boeing II remains pending in the Eastern District of Virginia, and Plaintiffs continue to argue in that forum that Aprillia-Boeing II should be remanded to the Cook County Circuit Court (where it can be consolidated with this case under 735 ILCS 5/2-1006).[6]

### c. Update since Original Transfer of 21 Actions

Since this Court transferred the 21 actions, the plaintiffs who filed claims in Virginia and Boeing reached a settlement, leaving only the Illinois plaintiffs (comprising, in part, of the plaintiffs in Aprillia-Boeing II) left in cases against Boeing arising out of the crash into the Java Sea.[7] This bears repeating: *Only plaintiffs who filed in Illinois remain in this case against Boeing*.

There are three SJY-182 actions currently pending in Circuit Court of Cook County in Chicago, Illinois after they were remanded for lack of jurisdiction.[8]

Separately, facts have been discovered by plaintiffs that Boeing's principal place of business was in Chicago Illinois when these actions along

---

[6] There are differences between Aprillia-I and Aprillia-II. The September 20, 2023 complaint (now reinstated and pending in this case) was for a total of 16 decedents in the Java Sea aircraft; whereas the September 23 complaint re-alleges the claims of these 16 decedents and additional claims for 8 more decedents in this crash. In addition there have been changes in the personal representatives for the first 16 decedents that are now reflected in the amended complaint in this case, but not yet reflected in the September 23 complaint (referred to here as Aprillia-Boeing II).

[7] Exhibit 7.

[8] *Riyanto v. Boeing*, No. 21-1475, --- F.Supp.3d ----, ----, 2022 WL 16635556 (N.D. Ill. Nov. 2, 2022) (*Riyanto I*); See also Exhibit 8.

with the actions currently before the Honorable Claude M. Hilton were filed in state court.[9]

The Honorable Claude M. Hilton has heard arguments, received briefing, and will decide the issue of whether the pending Illinois actions should be remanded to state court.[10]

The Honorable Edmond E. Chang ordered the parties in this action to file jurisdictional memorandums with the Court.[11] Plaintiffs have filed their request to remand these actions with the Court.[12]

### III. **The Panel should vacate the Conditional Transfer Order (CTO)**

This Panel should vacate the CTO for several reasons.

One, because the Virginia plaintiffs have settled their actions, there no longer exists "civil actions…pending in different districts" but only actions in the Northern District of Illinois.[13]

Two, "[t]he prerequisite for a section 1404(a) transfer is that it can only be a district where the transferred action 'might have been brought.'"[14] These actions could not have brought in Virginia because (1) when these actions were commenced Boeing's principal place of business was in Chicago, Illinois and (2) only a judge in the Circuit Cook County, Illinois had authority to reinstate these actions (which he did) following their dismissal. Also, (3)

---

[9] Exhibit 9.

[10] Exhibit 7.

[11] Exhibit 10.

[12] Exhibit 11.

[13] 28 U.S. Code § 1407(a).

[14] *In re Antibiotic Antitrust Actions*, 333 F.Supp. 299, 303 (S.D.N.Y.1971).

Boeing admitted to this Court that the evidence with respect to its product would primarily come out of Washington. Finally, the personal representatives named in these actions all have pending estate proceedings in the state of Washington.[15] Virginia has little to no connection to this action.

Three, this Panel has acknowledged that there were "significant" jurisdictional issues associated with these actions.[16] The jurisdictional issues are so significant that the Honorable Edmond E. Chang has *sua sponte* requested briefing on the issue.[17] Although this Panel has no statutory authority to decide challenges to federal subject-matter jurisdiction,[18] that lack of authority does not totally displace the constitutional command that "[f]ederal court[s] are courts of limited jurisdiction."[19] Additionally, though there is a strong preference favoring the transfer of tag-along actions, a conditional transfer order does not mean that the tag-along action should be transferred when, as here, there is a single district involved.[20]

---

[15] Exhibit 12.

[16] *In re Air Crash Into Java Sea on January 9, 2021*, --- F.Supp.3d ----, 2023 WL 2876934 *2 (M.D.L. April 7, 2023)("The actions also share significant threshold questions concerning…whether admiralty or diversity jurisdiction lies over the actions…")

[17] Exhibit 10.

[18] *In re: Aqueous Film-Forming Foams Products Liability Litigation*, 2023 WL 2875926 *1 (M.D.L. April 10, 2023).

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[20] See, e.g., *In re Accutane Products Liability Litigation*, 560 F. Supp. 2d 1370 (J.P.M.L. 2008) (conditional transfer order vacated); *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litigation*, 542 F. Supp. 2d 1357 (J.P.M.L. 2008); *In re Helicopter Crash Near Cameron*, La., 443 F. Supp. 1022, 1023 (J.P.M.L. 1978) (order to show cause vacated and transfer of tag-along actions denied).

For example, the Panel has vacated a CTO when there is a "potentially dispositive" motion before a district court,[21] when there is "unique discovery and other pretrial proceedings,"[22] or when actions are proceeding on parallel but somewhat different paths.[23]

Here, Judge Chang's *sua sponte* jurisdictional inquiry and the resolution of the Virginia cases are unique enough events that support vacating the CTO. Indeed, part of the reason that this Court transferred the original actions to the Eastern District of Virginia was because actions were initiated in the state of Virginia, removed by Boeing, after Boeing claimed that it had changed its principal place of business from Illinois to Virginia at some point in 2022.[24] Facts have now been discovered that either establish (1) Chicago was Boeing's principal of business when these actions commenced or (2) Boeing cannot demonstrate by a preponderance of the evidence that Chicago was not its principal place of business when these actions commenced.[25]

The Panel also transferred the actions in part because of the "disagreement" between Illinois and Virginia plaintiffs.[26] There is no dispute between the plaintiffs because Virginia plaintiffs have settled their actions with Boeing. The remaining Illinois plaintiffs are collectively working together to get the cases remanded. ("All Illinois plaintiffs want their cases remanded and took appropriate steps to move the court for relief.")

---

[21] *Accutane* at 1371.

[22] *Ameriquest Mortg.* at 1358.

[23] *Helicopter Crash* at 1023.

[24] *In re Air Crash Into Java Sea on January 9, 2021*, --- F.Supp.3d ----, 2023 WL 2876934 *2 (M.D.L. April 7, 2023).

[25] Exhibit 9 at 1.

[26] *In re Air Crash Into Java Sea* at 2.

Illinois plaintiffs want their actions remanded to Cook County where *Riyanto I* is currently pending. Following remand, they intend to consolidate their actions with *Riyanto I* to proceed to the merits of the case. The American public and the global community which relies on the product at issue in these products liability actions has a vested interest in ensuring that the auto-throttle systems currently operating on tens of thousands of planes are safe and reliable.

The scrutinizing eyes of an American jury in an American courtroom not only benefits individual plaintiffs but also each person who encounters a product as pervasive as defendant's product. The timing of this crash in light of serious issues arising with the MCAS system cannot be ignored. It is not a mere coincidence that a plane crashes two days after Boeing is formally indicted following its involvement in a month's long investigation of its MCAS system. The company's regulatory, legal, and safety resources were focused on confronting a Department of Justice investigation. Many planes like the plane involved in this case were not being used because of COVID-19 shutdowns. When these planes were put into service, there is a likelihood that airlines sought out the assurance of Boeing regarding its product, a product that had not been used for months. These are just some of the important issues that need to be addressed in an American court of law.

Four, vacating the CTO will eliminate duplicative discovery, because discovery can be coordinated with *Riyanto I* in Cook County. Vacating the CTO will prevent inconsistent pretrial ruling because the judge in Cook County can address all pretrial motions including an anticipated motion by Boeing to dismiss on FNC grounds.[27] More important, vacating the CTO will conserve

---

[27] *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657, 331 Ill.Dec. 827, 911 N.E.2d 1057 (2009); *Milton v. The Boeing Company*, 2023 IL App (1st) 220647 (Ill. App. February 3, 2023); *Arik v. Boeing Co.*, No. 1-10-0750, 2011 IL App (1st) 100750-U, at *2-3 (Ill. App. Ct. Jan. 10, 2012).

the resources of counsel who has been working with a firm in Chicago since 2021 on these actions.

### IV. Conclusion

Plaintiffs respectfully ask that the Panel vacate the CTO for the reasons set out in this briefing.

Respectfully submitted, this 23rd day of August, 2023.

> By: */s/ Mohammad Hamoudi*
> *Admitted Pro Hac Vice*
> Mohammad Hamoudi (WA Bar No. 48512)
> mo@hlg.lawyer
> HERRMANN LAW GROUP
> 505 5th Avenue South, Suite 330
> Seattle, WA 98104
> (206) 625-9104
>
> Charles Herrmann (WA Bar No. 6173)
> charles@hlg.lawyer
> HERRMANN LAW GROUP
> 505 5th Avenue South, Suite 330
> Seattle, WA 98104
> (206) 625-9104
>
> Carmen D. Caruso (IL Bar No. 6189462)
> cdc@cdcaruso.com
> CARMEN D. CARUSO LAW FIRM
> 77 West Washington Street, Suite 1900
> Chicago, IL 60602
> (312) 626-1160